**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

MARGARET SMITH ALBERT, as daughter and
lineal heir of JANET SMITH, deceased

Plaintiff,

v.

SSC PUEBLO BELMONT OPERATING COMPANY, LLC
d/b/a BELMONT LODGE HEALTH CARE CENTER,
a Delaware limited liability company

Defendant.

## DEFENDANT'S NOTICE OF REMOVAL

The Defendant, SSC PUEBLO BELMONT OPERATING COMPANY LLC d/b/a BELMONT LODGE HEALTH CARE CENTER, by its attorneys, Gordon & Rees, LLP, hereby file this Notice of Removal. In support thereof, the Defendant states as follows:

1. This matter was filed on April 16, 2012, in the District Court of Pueblo County, Colorado, styled *Margaret Smith Albert, as daughter and lineal heir of Janet Smith (deceased) v. SSC Pueblo Belmont Operating Company LLC d/b/a Belmont Lodge Health Care Center, a Delaware limited liability company*, 2012-CV-255. A copy of the District Court Civil Cover Sheet for this matter filed in the District Court for Pueblo County, Colorado is attached as Exhibit A. As reflected by the e-file stamp of the Civil Cover Sheet and Complaint, this matter was filed on April 16, 2012. The Defendant does not intend to waive any right to assert a

jurisdictional defense by filing this Notice Removal. A copy of the and Complaint and Jury Demand for this matter filed in the District Court for Pueblo County, Colorado is attached as Exhibit B. A copy of the Notice of Filing of Removal, which is being contemporaneously filed with the District Court, Pueblo County, Colorado is attached as Exhibit C.

2. 28 U.S.C. § 1446(a) requires that a Notice of Removal contain a short and plain statement of the grounds for removal. Removal of this matter is grounded on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1), as the parties in this mater are citizens of different States. As alleged in Paragraph 1 of the Complaint filed in this matter, the Plaintiff is an individual who is a resident and domiciliary of the City and County of Pueblo, State of Colorado. See Paragraph 1 of Plaintiff's Complaint, attached as Exhibit B. The Defendant is a Delaware limited liability company. A limited liability company is a citizen of the states where its members are citizens, and is not a citizen of the state in which it was organized unless one of its members is a citizen of that state. *Hale v. Mastersoft International Pty. Ltd, et. al.* 93 F. Supp. 2d 1108 (D. Colo. 2000). The Defendant, SSC Pueblo Belmont Operating Company LLC d/b/a Belmont Lodge Health Care Center is a citizen of the states of New Jersey and New York, where its members are citizens. Specifically, the Defendant SSC Pueblo Belmont Operating Company LLC d/b/a Belmont Lodge Health Care Center has only one member, which is also a limited liability company, SSC Special Holdings LLC. The only member of SSC Special Holdings LLC is a limited liability company, SavaSeniorCare, LLC. The only member of SavaSeniorCare, LLC is a limited liability company, SVCARE Holdings LLC. The only member of SVCARE Holdings LLC is a limited liability company, Canyon Sudar Partners, LLC. The members of Canyon Sudar Partners, LLC are Leonard Grunstein and Murray Forman. Mr.

Grunstein is a citizen of New Jersey and Mr. Forman is a citizen of New York.  See Exhibit D, Affidavit of Wynn G. Sims  Thus, diversity of citizenship exists as the Plaintiff is a citizen of Colorado, and the Defendant is a citizen of the states of New Jersey and New York.

3. Pursuant to 28 U.S.C. §1332(a), the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.  As reflected in the Court Civil Cover Sheet filed in the District Court for Pueblo County, Colorado, which is attached as Exhibit A, the Plaintiff seeks damages in excess of $100,000.  The Defendant disputes this claim of damages, and thus, the amount in controversy exceeds $75,000.

4. 28 U.S.C. § 1446(b) requires that a Notice of Removal be filed within 30 days after receipt by the defendant through service of the service of the summons or initial pleading. On April 17, 2012, the Defendant was served with the Summons, Complaint and Jury Demand and Civil Cover Sheet in this matter.  The Plaintiff filed the Return of Service and Summons on April 19, 2012, which are attached as Exhibit E. Accordingly, this Notice of Removal is timely, and this Court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1332.

5. Pursuant to the Local Rules of Practice of the United States District Court for the District of Colorado, the Defendant is filing the Civil Cover Sheet and the Supplemental Civil Cover Sheet for Notices of Removal.

WHEREFORE, the Defendant requests the Court to accept this Notice of Removal, assume jurisdiction of this case and issue such further orders and processes as may be necessary.

Dated this the 7th day of May, 2012.

/s/ D. Scott Rendleman
Thomas B. Quinn, Esq.
D. Scott Rendleman, Esq.
GORDON & REES, LLP
555 17th Street, Suite 3400
Denver, Colorado 80202
Telephone: 303-534-5160
Facsimile: 303-534-5161
Email: tquinn@gordonrees.com
         srendleman@gordonrees.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on this the 7th day of May, 2012, I electronically filed the forgoing with the CM/ECF which will send the notification of such filing to the following email addresses:

Chad P. Hemmat, Esq.
Ethan A. McQuinn, Esq.
Anderson, Hemmat & Levine, L.L.C.
4500 Cherry Creek Drive South, Suite 400
Denver, Colorado 80246
Telephone: 303-839-5000
Facsimile: 303-839-5028
Email: chad@ahllaw.com
        ethan@ahllaw.com