| | |
|---|---|
| DISTRICT COURT, COUNTY OF PUEBLO, STATE OF COLORADO<br>Court Address:  Pueblo County Judicial Building<br>320 W. 10th Street<br>Pueblo, CO 81003<br>Telephone number: (719) 583-7000 | EFILED Document – District Court<br>2012CV255<br>CO Pueblo County District Court 10th JD<br>Filing Date: Apr 16 2012 3:14PM MDT<br>Filing ID: 43705251<br>Review Clerk: Shelli L Clementi |
| **Plaintiff:** MARGARET SMITH ALBERT, as daughter and lineal heir of JANET SMITH (now deceased)<br><br>vs.<br><br>**Defendants:** SSC PUEBLO BELMONT OPERATING COMPANY, L.L.C. d/b/a BELMONT LODGE HEALTH CARE CENTER, a Delaware limited liability company | ▲ Court Use Only ▲ |
| *Counsel for Plaintiff:*<br>Chad P. Hemmat, Esq., No. 20845<br>Ethan A. McQuinn, Esq., No. 36618<br>4500 Cherry Creek Drive South, Suite 400<br>Denver, CO 80246<br>Phone Number: 303/839-5000<br>Fax Number:    303/839-5028<br>Emails: chad@ahllaw.com<br>           ethan@ahllaw.com | Case No.:<br><br>Div.: |
| **COMPLAINT AND JURY DEMAND** | |

COMES NOW, the Plaintiff, Margaret Smith Albert, as daughter and lineal heir of Janet Smith (now deceased), by and through her counsel, Anderson, Hemmat & Levine, L.L.C., and for her Complaint against the Defendant, states and alleges as follows:

### INTRODUCTORY ALLEGATIONS

1. Plaintiff is an individual who is a resident and domiciliary of the City and County of Pueblo, State of Colorado.

2. Defendant SSC Pueblo Belmont Operating Company, L.L.C. d/b/a Belmont Lodge Health Care Center (hereinafter referred to as Defendant Belmont) is, upon information and belief, a for profit entity licensed to have care facility actively doing business in the City and County of Pueblo, State of Colorado.

3.  On May 4, 2011, Janet Smith (hereinafter referred to as "Ms. Smith") was admitted to Belmont Lodge Health Care Center status post open reduction and internal fixation of the ankle performed at Parkview Medical Center. Her initial pain score assessment was 7/10. Her admission orders included Percocet for pain; she was noted to have a Foley catheter in place from Parkview Medical Center.

4.  Upon admission to Belmont Lodge Health Care Center, Ms. Smith showed no evidence of infection in light of the fact that her urine was assessed as being yellow and clear.

5.  Upon admission to Belmont Lodge Health Care Center, standard orders were provided. It was noted that Ms. Smith was "no CPR."

6.  It was noted a Foley catheter was not to be used, per the medical doctor's notes. The catheter care form was not dated/signed/timed nor were there catheter care details noted. The Foley catheter was noted to still be in place on multiple nursing notes.

7.  Upon admission to Belmont Lodge Health Care Center, Percocet was prescribed according to certain dosing requirements.

8.  Upon information and belief, Defendant increased Ms. Smith's Percocet dosing. The Percocet orders were not signed, and the Percocet orders were also inconsistent. Defendant failed to follow the physicians Percocet orders as written.

9.  During the course of Ms. Smith's stay at Belmont Lodge Health Care Center, there was a lack of documentation regarding Ms. Smith's urine assessments and/or urine output as well as catheter care.

10. Additionally, there is no documentation indicating that Defendant performed any fungal infection checks during Ms. Smith's stay at Belmont Lodge Heath Care Center.

11. Defendant failed to follow physician orders for Nystatin that a doctor and/or doctors was apparently prescribed to treat Ms. Smith's fungal infection.

12. By the time Ms. Smith was transferred from Belmont Lodge Health Care Center to Parkview Medical Center emergency room, Ms. Smith had redness in her buttocks and coccyx. She was also suffering from a significant urinary tract infection that Defendant failed to recognize and/or treat.

13. Defendant failed to perform proper skin integrity maintenance throughout Ms. Smith's stay at Defendant's facility.

14. On May 8, 2011, Ms. Smith was noted to be unresponsive and there was emergent transfer from the Belmont Lodge Health Care Center to Parkview Medical Center.

15. Defendant Belmont's staff failed to adequately assess and protect their patient, and failed to evaluate and appropriately treat Ms. Smith's urinary tract infection.

16. Defendant Belmont's staff failed to recognize the consequences of advancing pain medications for Ms. Smith while at Defendant's facility.

17. Defendant's lack of care and attention to Janet Smith's progressive urinary tract infection, in conjunction with Defendant's significant elevation in Ms. Smith's narcotic medication dosing, proximately caused Janet Smith's death.

18. As a direct and proximate result of the death of Ms. Smith, Plaintiff Margaret Smith Albert, as her daughter and lineal heir has suffered damages in an amount to be determined at trial, including economic, non-economic damages, mental suffering, emotional distress, pain, grief, and emotional distress.

19. All damages in this Complaint are in the past, present and future whether so specifically delineated in each paragraph or not.

## FIRST CLAIM FOR RELIEF
(Wrongful Death)

20. Plaintiff incorporates herein all allegations contained in paragraphs 1 through 19 in the Introductory Allegations.

21. Ms. Smith sought treatment from Defendant Belmont and came under care and treatment of Defendant Belmont.

22. Defendant Belmont owed a duty to posses and exercise that degree of knowledge, skill, care, caution, diligence, and foresight which would be possessed and exercised by fellow medical personnel doing business in this community, in similar communities, or otherwise, and owed to Ms. Smith the duty to act without negligence and to provide her proper care, treatment, and supervision without negligence.

23. Defendant Belmont breached its obligations and duties with regard to the care and treatment of Ms. Smith and was negligent in the care and treatment of Ms. Smith.

24. Defendant Belmont's actions, representations and/or omissions departed from the applicable standard of care, which caused the death of Ms. Smith, which further caused all of the Plaintiff's damages.

25. As a direct and proximate result of the negligence of Defendant Belmont, Plaintiff Margaret Smith Albert has suffered injuries, damages and losses, including, but not limited to,

the death of her mother, mental anguish, mental distress, financial losses, economic damages all in the past, present and future.

26. As a direct and proximate result of Defendant Belmont's negligence, said Defendant is liable to Plaintiff Margaret Smith Albert for all of her injuries, damages and losses.

27. All damages to Plaintiff Margaret Smith Albert are in the past, present and future whether so specifically delineated in each paragraph or not.

WHEREFORE, Plaintiff Margaret Smith Albert prays for relief all is a more particularly hereinafter set forth.

WHEREFORE, on account of the matters set forth in the First Claim for Relief, Plaintiff Margaret Smith Albert, as daughter and lineal heir of Janet Smith (now deceased), prays for a judgment in favor of the Plaintiff, Margaret Smith Albert, and against the Defendant, SSC Pueblo Belmont Operating Company, L.L.C. d/b/a Belmont Lodge Health Care Center, for losses, damages, costs, expert witness fees, for attorney's fees, interest on such sums as is provided by law, prejudgment interest for monetary damages as are necessary to fully compensate the Plaintiff for her injuries, damages and losses, including, but not limited to, mental anguish, mental suffering, grief, counseling expenses, economic damages, and for such other and further relief consistent with the wrongful death statutes of the State of Colorado.

**PLAINTIFF DEMANDS A TRIAL TO A JURY OF SIX (6) PERSONS**

DATED this 12th day of April, 2012.

ANDERSON, HEMMAT & LEVINE, L.L.C.

s/ Chad P. Hemmat, Esq.

Chad P. Hemmat, No. 20845
Ethan A. McQuinn, No. 36618
*Counsel for Plaintiff*

**Plaintiff's Address**:
1711 Bonny Brae Lane
Pueblo, CO 81001-1604